11-5351-cr
United States v. DeLong

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 9th day of October, two thousand twelve.

PRESENT:    JOHN M. WALKER, JR.,
            GERARD E. LYNCH,
            RAYMOND J. LOHIER, JR.,
                     *Circuit Judges.*

_____

UNITED STATES OF AMERICA,
                     *Appellee,*

      v.                                                    No. 11-5351-cr

HARVEY DELONG,
                     *Defendant-Appellant.*

_____

FOR APPELLANT:        Lisa Peebles, James P. Egan, Federal Public Defender,
                      Syracuse, New York.

FOR APPELLEE:         Lisa M. Fletcher, Assistant United States Attorney, *for*
                      Richard S. Hartunian, United States Attorney for the Northern
                      District of New York, Syracuse, New York.

Appeal from a judgment of the United States District Court for the Northern District of New York (Glenn T. Suddaby, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED.

Defendant-Appellant Harvey DeLong appeals from a December 23, 2011, judgment of the United States District Court for the Northern District of New York, following his guilty plea to knowingly receiving, via the internet, depictions of minors engaging in sexually explicit conduct, in violation of 18 U.S.C. § 2252A(a)(2)(A), and knowingly possessing and accessing with intent to view, via the internet, material containing images of minors engaging in sexually explicit conduct, in violation of 18 U.S.C. § 2252A(a)(5)(B). The district court imposed a sentence of 240 months' incarceration, comprising 240 months for the receipt count and 120 months for the possession count, to run concurrently; lifetime supervised release; and the mandatory $200 assessment. On appeal, DeLong contends that the 240-month term of imprisonment is substantively unreasonable. We assume the parties' familiarity with the underlying facts and procedural history of the case.

In support of his appeal, DeLong argues primarily that his sentence is substantively unreasonable because it contravenes this Court's holding in United States v. Dorvee, 616 F.3d 174 (2d Cir. 2010). DeLong's case is distinguishable from Dorvee. In Dorvee, we held that a guidelines sentence of 240 months in prison was substantively unreasonable as applied to an offender with no criminal history who possessed several thousand still images and approximately 100 to 125 videos depicting child pornography. Id. at 176, 188. DeLong, by contrast, possessed 138,000 still images and 2,018 videos of child pornography, plus an additional 46,000 electronic files containing child pornography or child erotica. He also had

2

a criminal history that included four prior felonies, three of which he committed as a mature adult.

More importantly, unlike the sentencing judge in Dorvee, the judge below did not uncritically apply the sentencing guidelines. Instead, he imposed a below-guidelines sentence based on his own assessment of, first, the seriousness of DeLong's offense in light of the harm caused to victims, the sheer number of images in DeLong's possession, and evidence that DeLong had redistributed images and mentored others on how to find and download certain types of child pornography; and, second, DeLong's likelihood of reoffending in light of his criminal history, past failure to adhere to terms of supervision, and apparent inability to recognize the seriousness of his offense. On the basis of these considerations, the judge concluded that a 240-month sentence was appropriate in light of the § 3553(a) factors, even though DeLong had never abused a child and the expert opined that he was unlikely to do so.

We are not entitled to "substitut[e] our judgment for that of the sentencing judge." United States v. Fernandez, 443 F.3d 19, 27 (2d Cir. 2006). Rather, we review the sentence imposed "under a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). Applying that standard to the facts of the case, we conclude that the district court's decision was not beyond "the range of permissible decisions." United States v. Cavera, 550 F.3d 180, 189 (2d Cir. 2008) (internal quotation marks omitted).

For the foregoing reasons, the judgment of the district court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

3